IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KASSIM GREEN | : | CIVIL ACTION |
| and KAHLIL CROXTON | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA | : | |
| et. al. | : | No. 13-6066 |

MEMORANDUM

McLaughlin, J.　　　　　　　　　　　　　　　　　June 1, 2015

This action arises out of a December 31, 2009 confrontation between the plaintiffs Khalil Croxton and Kassim Green and two Philadelphia Police Officers, Dennis Stephens and Christopher Manigault, and the plaintiffs' subsequent arrest and prosecution. The plaintiffs have brought claims against Manigault, Stephens, and the City of Philadelphia for assault and battery, false arrest and false imprisonment, and malicious prosecution, and against the City of Philadelphia for negligence.[1] The defendants have moved for summary judgment on

---

[1] The plaintiffs initially filed a complaint in the Philadelphia Court of Common Pleas with claims for assault and battery, false arrest and false imprisonment, malicious prosecution, and negligence. In an order denying the defendants' preliminary objections, Court of Common Pleas Judge Bernstein noted that "[a]lthough Plaintiffs have not specifically stated that they seek relief under 42 U.S.C. § 1983, the Complaint clearly makes out claims under this statute." The defendants subsequently removed the case to this Court on October 15, 2013. The plaintiffs are now pursuing claims under Pennsylvania law and constitutional claims under 42

1

all claims. Oral argument was held on May 18, 2015. The Court will grant the defendants' motion for summary judgment.

I.  Summary Judgment Record[2]

At approximately 3 a.m. on December 31, 2009, officers Manigault and Stephens encountered Croxton and Green at the intersection of 28th Street and Flectcher Street in Philadelphia. Officers Manigault and Stephens were on burglary detail conducting surveillance of a Foot Locker near the intersection. Manigault and Stephens were in plain clothes in an unmarked car. Defs. Mot. for S.J. Ex. V.

Manigault and Stephens assert that, while they were surveilling the Foot Locker, they encountered three males – Croxton, Green, and an unidentified third male – one of whom had a gun. When Stephens exited the car, one of the two males shot at the car; a police report of the incident notes that there was a bullet found in the front left door of the car. In his report to internal affairs, Manigault stated that Green fired shots at both Manigault and Stephens with a gun that appeared to be a revolver. Defs. Mot. for S.J. Exs A-B, V; Pls. Opp. Ex. D.

---

U.S.C. § 1983. Defs. Notice of Removal, October 15, 2013 (Docket No. 1); May 18, 2015 Oral Arg. Tr. p. 3-4.

[2]     On a motion for summary judgment, the Court considers the evidence in the light most favorable to the non-moving party. Tolan v. Cotton, 134 S.Ct. 1861, 1866, (2014). The facts set forward herein are undisputed unless otherwise noted.

Both Manigault and Stephens then fired on Croxton, Green, and the third male as the three men tried to enter Croxton's silver car. A bullet fragment lodged in the rear passenger headrest of Croxton's car. Nobody was injured during the exchange of gunfire.[3] Defs. Mot. for S.J. Exs A-B, V; Pls. Opp. Ex. J.

Croxton and Green were arrested on December 31, 2009 on charges of attempted murder, aggravated assault, criminal conspiracy, and violations of the Uniform Firearms Act. Following the arrest, Green was tested for gunshot residue; no gun or gunshot residue was found on his person or clothing. Defs. Mot. for S.J. Ex. V; Pls. Opp. Ex. E.

Croxton and Green challenge the defendants' account exclusively with the allegations in their amended complaint and rely on no facts in the summary judgment record to provide their own account of the events of December 31, 2009.[4] The plaintiffs

---

[3] The Philadelphia Police Department's Bureau of Internal Affairs investigated the shooting, as did the Philadelphia District Attorney's office. Neither Internal Affairs nor the District Attorney brought criminal charges against Manigault or Stephens for the shooting. Defs. Mot. for S.J. Exs. V-X.

[4] In their amended complaint, Croxton and Green provide the following account of the December 31 incident: At approximately 3 a.m. Croxton observed the unmarked police car on the 2200 block of N. 28th Street in Philadelphia. Because the car was facing against the flow of traffic, Croxton called 911. Manigault and Stephens then drove two blocks north and arrived at the Foot Locker where they were then fired on by unknown

3

claim that Manigault and Stephens falsely reported the events that led to Croxton and Green's arrests. The plaintiffs further claim that they did not fire shots at Manigault and Stephens.

A December 31, 2009 article published on a local news website did not directly mirror the officers' reports to internal affairs. The article reported that two men had been arrested "for allegedly shooting at Philadelphia police officers." The article further reported that officers said they saw a vehicle circle the Foot Locker before a man with a gun exited the vehicle and fired on the officers. Pls. Opp. Ex. G.

Manigault and Stephens' gave conflicting accounts of the December 31, 2009 encounter at the plaintiffs' September 9, 2011 preliminary hearing. Manigault testified that during their surveillance he saw a car circle the block and then saw Green walk to the corner of 28th and Fletcher while on the phone. Stephens, however, testified that he saw Croxton in the driver's seat of a car that Green and another individual exited from the rear. Stephens further testified that he first noticed Green when Green started firing shots at the officers. Pls. Opp. Ex. V.

---

assailants who were driving a white car. More than 20 minutes later, while Croxton was attempting to park his car in front of Green's house, Manigault and Stephens fired on Croxton's silver car, hitting Green. Croxton and Green then ran from the officers.

4

The case against Croxton and Green was dismissed for lack of prosecution on March 25, 2010.

On May 25, 2011, Croxton and Green were re-arrested on the same charges. Neither Manigault nor Stephens was an affiant on the arrest warrant and neither Manigault nor Stephens arrested Croxton or Green on the charges.

On May 28, 2013, a jury found Croxton and Green not guilty of all charges. Def.'s Mot. for S.J. Exs. CC, DD.

The plaintiffs filed this action in the Philadelphia Court of Common Pleas on May 31, 2013. The case was removed to this Court on October 15, 2013.

II. Analysis[5]

The defendants have argued in their motion for summary judgment that (1) the plaintiffs' assault and battery and false arrest and false imprisonment claims are barred by Pennsylvania's applicable two-year statute of limitations and

---

[5] Under Federal Rule of Civil Procedure 56, a party moving for summary judgment must show that there is no genuine issue as to any material fact and that judgment is appropriate as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once a properly supported motion for summary judgment is made, the burden shifts to the nonmoving party, who must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Id. at 247-48.

5

(2) there are no genuine issues of material facts as to the plaintiffs' claims for malicious prosecution and negligence. The Court agrees that the plaintiffs' claims for assault and battery and false arrest and false imprisonment are barred by the statute of limitations and that there are no genuine issues of material fact as to the plaintiffs' claims for malicious prosecution and negligence.

    A.    <u>The Statute of Limitations Bars The Plaintiffs' Claims for Assault and Battery and False Arrest and False Imprisonment</u>

Pennsylvania's statute of limitations for personal injury actions is two years. 42 Pa. Cons. Stat. § 5524. Claims brought under Section 1983 are subject to the state statute of limitations for personal injury actions. <u>Owens v. Okure</u>, 488 U.S. 235, 249-50 (1989). A plaintiff must therefore file suit within two years of when the cause of action accrued. Claims for false arrest and false imprisonment accrue of the date of the arrest. <u>Montgomery v. De Simone</u>, 159 F.3d 120, 126 (3d Cir. 1998). Claims for assault and battery accrue on the date the plaintiff knows or should have known of the cause of his injury.[6] <u>Id</u>.

---

[6]     In their motion, the defendants moved for summary judgment on the plaintiffs' "Fourth Amendment claim for excessive force." The amended complaint, however, contains no Fourth Amendment excessive force claim and the plaintiffs have

6

The plaintiffs' first false arrest and false imprisonment claims accrued on December 31, 2009, as did plaintiff Croxton's assault and battery claim. The plaintiffs' second false arrest and false imprisonment claims accrued on May, 25, 2011. The plaintiffs initiated this suit by Writ of Summons in the Philadelphia Court of Common Pleas on May 31, 2013, more than two years after their claims for false arrest, false imprisonment, and assault and battery accrued. The claims, therefore, are time barred.

Pennsylvania's doctrine of fraudulent concealment tolls the statute of limitations if "through fraud or concealment the defendant causes the plaintiff to relax vigilance or deviate from the right of inquiry." Mest v. Cabot Corp., 449 F.3d 502, 516 (3d Cir. 2006)(quoting Ciccarelli v. Carey Canadian Mines Ltd., 757 F.2d 548, 556 (3d Cir. 1985). Fraudulent concealment applies only when the defendant affirmatively and independently conceals information that would keep the plaintiff from discovering the injury. Bohus v. Beloff, 950 F.2d 919, 925 (3d Cir. 1991). At the summary judgment stage, the plaintiff has the burden of "proving fraudulent concealment by clear, precise, and convincing evidence." Fine v. Checcio, 582 Pa. 253, 270 (Pa. 2005).

---

confirmed that they did not bring an excessive force claim. May 18, 2015 Oral Arg. Tr. p. 3-4.

The plaintiffs argue that the defendants cannot assert the statute of limitations as a defense because they have fraudulently concealed information necessary for the plaintiffs to bring their case. Specifically, the plaintiffs claim that they requested and never received "copies of any and all personnel records of Defendant Officers Manigault and Stephens as well as any/all press releases given to and provided on behalf of the Philadelphia Police Department that related to the shooting on December 31, 2009 involving Plaintiff Kassim Green." The plaintiffs go on to acknowledge, however, that they never received the requested documents.

Despite never receiving the requested documents, the plaintiffs were able to prepare and file their complaint. It is thus clear that the information was not necessary for the filing of their complaint – the plaintiffs successfully prepared a complaint without the information at issue. The summary judgment record does not include any facts that suggest that the defendants' fraud or concealments caused a delay in the plaintiffs' filing of their complaint.

Because the plaintiffs brought their claims for assault and battery and false arrest and false imprisonment outside Pennsylvania's two-year statute of limitations, the Court grants defendants' motion for summary judgment as to those claims.

B. The Plaintiffs' Malicious Prosecution Claims Fail Because No Facts in the Summary Judgment Record Suggest the Defendants' Lacked Probable Cause

To establish a malicious prosecution claim under Section 1983, a plaintiff must present evidence that: "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007).[7]

Although prosecutors are traditionally responsible for initiating criminal proceedings, a police officer "may be considered to have initiated a criminal proceeding if he or she knowingly provided false information to the prosecutor or otherwise interfered with the prosecutor's informed discretion." Henderson v. City of Philadelphia, 853 F. Supp. 2d 514, 518 (E.D. Pa. 2012)(quoting Brockington v. City of Philadelphia, 354 F. Supp. 2d 563, 569 (E.D. Pa. 2005).

---

[7] To establish a malicious prosecution claim under Pennsylvania law, a plaintiff must only establish the first four elements and does not need to establish a deprivation of liberty. See Lippay v. Christos, 996 F.2d 1490, 1501 (1993).

9

Probable cause, although "incapable of precise definition or quantification," exists when there is a reasonable belief of an arrestee's guilt on the part of the arresting officer.  Maryland v. Pringle, 540 U.S. 366, 371 (2003); Hill v. California, 401 U.S. 797, 804 (1971); see also Wilson v. Russo, 212 F.3d 781, 789 (3d Cir. 2000)(finding that probable cause requires only a "fair probability" that a person committed the crime).  The validity of an arrest does not depend on whether the suspect actually committed a crime or whether a person is later acquitted of the crime for which he was arrested.  Wright v. City of Philadelphia, 409 F.3d 595, 602 (3d Cir. 2005)(citations omitted).  While the issue of probable cause is generally a factual issue to be determined by a jury, summary judgment is appropriate where there are no genuine issues as to any material facts.  Deary v. Three Un-Named Police Officers, 746 F.2d 185, 191-92 (3d Cir. 1984).

"Malice" in the context of a malicious prosecution claim "is defined as either ill will in the sense of spite, lack of belief by the actor himself in the propriety of the prosecution, or its use for an extraneous or improper purpose."  Lee v. Mihalich, 847 F.2d 66, 70 (3d Cir. 1988); see also Pritchett v. Warrender, 546 F. App'x 66, 67-68 (3d Cir. 2013).  Malice can, however, be inferred from the absence of probable

cause. Kelley v. Gen. Teamsters, Chauffeurs, and Helpers, Local Union 249, 518 Pa. 517 (1988).

The summary judgment record contains no facts to support the plaintiffs' contention that Croxton and Green were arrested without probable cause. In their opposition to the defendants' motion for summary judgment, the plaintiffs rely only on (1) reiterations of the assertions in their amended complaint without additional factual support; and (2) inconsistencies in the officers' accounts of the December 31 confrontation.

Although the plaintiffs have accurately pointed out that the officers provided somewhat conflicting accounts, there is no evidence in the record that the officers' accounts were false or that probable cause was lacking. Both Manigault and Stephens's accounts of December 31, 2009 events support a finding of probable cause for the plaintiffs' arrest. The officers had probable cause to arrest the plaintiffs because they had a reasonable belief that the plaintiffs had fired on them. Further, the plaintiffs make only conclusory allegations that the officers' reports were falsified; the summary judgment record contains no evidence that the officers' reports included false statements.

A reasonable jury could not find that Manigault and Stephens lacked probable cause to arrest Croxton and Green. The

Court, therefore, grants the defendants' motion for summary judgment as to the plaintiffs' malicious prosecution claim.[8]

C. The Plaintiffs' Negligence Claim Against the City of Philadelphia is Barred By the Political Subdivision Tort Claims Act

The Pennsylvania Political Subdivision Tort Claims Act ("PSTCA") immunizes the City of Philadelphia and its employees from most state law claims. 42 Pa. Cons. Stat. § 8541, et. sec. A plaintiff may proceed with a claim only if it fits into one of the eight exceptions of Section 8542(b). Given the PSTCA's intent to "insulate government from exposure to tort liability, the exceptions to immunity are to be strictly construed." Lockwood v. City of Pittsburgh, 561 Pa. 515, 519-20 (2000).

The plaintiffs have claimed that the City of Philadelphia breached the duty of care it owed to the plaintiffs by failing to properly train and supervise its police officers and that Manigault and Stephens breached the duty of care they owed to the plaintiffs by falsely arresting the plaintiffs. In their opposition to the defendants' motion for summary judgment, the plaintiffs argue that the real property exception to the PSTCA applies to their claims.

---

[8] Because the summary judgment record contains no facts to support an underlying malicious prosecution claim, the Court also grants summary judgment as to the plaintiffs' Monell-style claim against the City of Philadelphia as well.

12

The real property exception, in relevant part, allows municipalities to be liable for injuries that occur due to negligently maintained streets or sidewalks. 42 Pa. Cons. Stat. § 8542. The exemption applies only to claims alleging that a defect of the land itself caused the injury, not when it facilitates injury caused by the acts of others. Mascarao v. Youth Study Ctr., 514 Pa. 351, 361-62 (1987).

In the present case, the plaintiffs have not claimed that any property defect caused their injuries; rather, they claim only that the City's failure to train and the resulting false arrest and malicious prosecution caused the injury. Thus the real property exception does not apply. The Court, therefore, grants the defendant's motion for summary judgment because the Political Tort Subdivision Act immunizes the defendant City of Philadelphia.

An appropriate order shall issue.